UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8060 PSG (JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | Katzenbach *et al.* v. Bleckman | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     **Order DISMISSING Case for Lack of Prosecution**

      Pro se Plaintiffs Ryan Katzenbach and Diana Maiocco filed this lawsuit against Defendant Gail Bleckman on October 28, 2016. Dkt. # 1. On April 28, 2017, the Court issued an Order to Show Cause ("OSC") to Plaintiffs why the Court should not dismiss the case for lack of prosecution. Dkt. # 19. Although Plaintiffs had responded to the Court's inquiries regarding subject matter jurisdiction in the months after they filed their case, Plaintiffs had not yet served Bleckman. *See id.* The Court gave Plaintiffs until May 12, 2017 to file a proof of service. *See id.*

      On May 16, 2017, Plaintiffs requested a "brief extension" to file service of process. Dkt. # 20. Because Plaintiffs' May 16 response demonstrated that Plaintiffs had made several unsuccessful attempts to serve Defendant, the Court granted Plaintiffs an extension to May 26, 2017. Dkt. # 22. The Court, however, warned Plaintiffs that failure to file proof of service would result in dismissal of the case. *See id.*

      Plaintiffs filed a timely response to the Court's OSC on May 26, 2017, but the response is inadequate for two reasons. *See* Dkt. # 23. First, the response only describes how Plaintiffs served Defendant; it does not attach proof of service. *Id.* In the response, Plaintiffs indicate that they will file the proof of service by Tuesday, May 30, 2017 due to the Memorial Day holiday, but they have not yet filed a proof of service. *See* Dkt. # 23, ¶ 7. Second, Plaintiffs indicate that they effected service of process through personal service and by mail to S. Michael Kernan, who is allegedly serving as Bleckman's attorney, and by publication in the *Beverly Hills Courier*. *See id.* ¶¶ 5-7. These service methods are procedurally improper. An attorney, solely by reason of his or her capacity as an attorney for a named defendant, is not the defendant's agent for purposes of receiving service of process. *See* Cal. Civ. Code Proc. § 415.10; *see also Ransom v. Brennan*, 437 F.2d 513, 518-19 (5th Cir. 1971). The attorney must consent to receive service on behalf of a client, *see id.*, but Plaintiffs have given no indication that the attorney did so here. Moreover, although California law permits service by publication or service on an attorney as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8060 PSG (JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | Katzenbach *et al.* v. Bleckman | | |

method "reasonably calculated to give notice," the Court must first determine that "the party to be served cannot with reasonable diligence be served in another manner." *See* Cal. Civ. Proc. Code § 415.50(a). Plaintiffs have not requested that the Court make any such determination.

Because the Court finds Plaintiffs' response to the OSC inadequate and the Court has already given Plaintiffs ample opportunity to file service of process, warning all along that failure to comply would result in dismissal, the Court *sua sponte* DISMISSES this case for lack of prosecution.

**IT IS SO ORDERED**.